IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOMINIK REED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-343-N |
| | § | |
| EQUIFAX INFORMATION SERVICES LLC, and TRANS UNION LLC, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendants Trans Union LLC ("Trans Union") and Equifax Information Services LLC's ("Equifax," and collectively with Trans Union, "Defendants") motion to dismiss Plaintiff Dominik Reed's complaint [25]. Because Reed has plausibly alleged that Defendants failed to disclose information in violation of section 1681g, the Court denies the motion to dismiss.

## I. ORIGINS OF THE MOTION

Plaintiff Dominik Reed filed this action against Defendants Trans Union and Equifax asserting violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g. According to her First Amended Complaint ("FAC"), Reed obtained copies of her consumer credit disclosures from Defendants through www.annualcreditreport.com. FAC ¶ 13 [22]. Reed alleges Defendants' responsive disclosures omitted material information within Reed's credit file and therefore were not a complete or accurate disclosure as required by the FCRA. *Id.* ¶ 14. Specifically, Reed states that Defendant Equifax failed

to include account information such as date of last activity, actual payment amounts, payment history, term duration, date closed, account status, date of first delinquency, deferred payment start date, balloon payment amount, and other identifying account data necessary to understand the nature and status of the tradelines. *Id.* ¶ 15. In the same vein, Reed alleges Defendant Trans Union omitted material information such as actual payment amounts, payment history, charge off amounts, and balance information. *Id.* ¶ 17. The omitted material related to several of Reed's accounts, including but not limited to those with Capital One Bank USA NA, Discover Card, LVNV Funding LLC, and JPMCB Card Services. *Id.* ¶¶ 16, 18. Reed further alleges this information is routinely reported to Defendants by data furnishers and should have been contained in the file at the time of her request. *Id.* ¶¶ 19–21.

Plaintiff Reed alleges that Defendants failure to "provide Plaintiff with a coherent and intelligible picture of her credit file" has caused "confusion, frustration and distress, and interfered with the ability to protect her credit reputation." *Id.* ¶¶ 26, 32. This omitted information, the FAC alleges, was additionally communicated to third parties, thereby adversely impacting Reed's creditworthiness. *Id.* ¶ 29. Based on these allegations, Reed asserts Defendants Trans Union and Equifax willfully violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all information contained in Reed's credit file. *Id.* ¶ 31.

Now, Defendants move to dismiss Reed's claims under Federal Rule of Civil Procedure 12(b)(6). As explained below, Reed's allegations, taken as true, are sufficient to state a claim under the Fair Credit Reporting Act.

## II. RULE 12(B)(6) LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

## III. PLAINTIFF REED HAS SUFFICIENTLY PLED A CLAIM UNDER 15 U.S.C. § 1681G

Congress created the Fair Credit Reporting Act to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). To reach this objective, the FCRA "regulates the creation and use of consumer report[s] by consumer reporting agenc[ies]" ("CRAs") for certain specified purposes, including credit transactions. *Spokeo, Inc. v.*

*Robins*, 578 U.S. 330, 334–35 (2016) (internal quotations omitted). A consumer report is "any written, oral, or other communication of any information" that has a "bearing on a consumer's credit worthiness." 15 U.S.C. § 1681a(d)(1). When a CRA willfully and negligently violates the FCRA, consumers may bring private causes of action. 15 U.S.C. §§ 1681n, 1681o.

Section 1681g, titled "[d]isclosures to consumers," requires consumer reporting agencies, upon request, to "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). In order to address problems arising from a consumer's "lack of access to the information in [her] file [and] the difficulty in correcting inaccurate information," *Kelly v. RealPage Inc.,* 47 F.4th 202, 206 (3d Cir. 2022) (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010)), the FCRA broadly defined file to mean "all of the information on th[e] consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g).

Reed has sufficiently pled that the information she seeks falls within the scope of a required disclosure under FCRA. Because she also sufficiently alleges that Defendants Equifax and Trans Union acted willfully, and she suffered a concrete injury as a result, her section 1681g claim survives the motion to dismiss.

### *A. Reed Has Sufficiently Alleged a Concrete Injury*

Federal courts may hear only actual "case" and "controversies." U.S. CONST. art. III. To establish standing, a plaintiff bears the burden of establishing that she "(1) suffered

an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S.at 338.

Concerning Reed's allegation of negligence, Defendants assert that Reed does not allege any harm resulting from Defendants providing incomplete data to a third party. Defs.' Mot. Dismiss 11 [25]. Instead, Defendants allege Reed pleads only informational injury. *Id.*

To establish standing under the FCRA, a plaintiff must allege a concrete and particularized injury, but "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 578 U.S. at 342. While a plaintiff "need not allege any additional harm beyond the one Congress has identified," a mere violation of statutory requirements is insufficient to confer standing. *Id.* In interpreting *Spokeo*, the Fifth Circuit stated, "[p]ut differently, the deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation.' Thus, *Spokeo* recognizes that at minimum, a 'concrete' intangible injury based on a statutory violation must constitute a 'risk of real harm' to the plaintiff." *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016) (quoting *Summers v. Earth Island Inst.,* 555 U.S. 488, 496 (2009)). Although the Fifth Circuit has not weighed in on the issue, circuit courts have found nondisclosure a sufficiently concrete injury where it prevented the plaintiff from receiving "fair and accurate reporting of their credit information," or affected their ability to "obtain the information [they] needed to cure [their] credit issues, [or] ultimately resolve those issues." *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1100 (9th Cir. 2022) (noting the alleged procedural violations protected

substantive rights by requiring disclosures necessary for informed decision-making and finding the alleged violations of section 1681g were sufficient to confer standing); *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 347 (4th Cir. 2017). Here, Reed sufficiently alleges she was not given information she was entitled to and adverse effects flowed from that omission. This nexus between a concrete interest and injury is sufficient at the pleadings stage for standing purposes.

Additionally, pleading emotional distress-related injuries is adequate to survive the motion to dismiss. While the Supreme Court in *TransUnion* found that "informational injury that causes no adverse effects cannot satisfy Article III," *TransUnion L.L.C. v. Ramirez*, 594 U.S. 413, 442 (2021), the Fifth Circuit has "recognized that 'emotional distress' is a traditional harm that satisfies *TransUnion*'s concreteness requirement." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 95 F.4th 951, 958 (5th Cir. 2024) (citing *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 824 (5th Cir. 2022)) (examining standing for a claim under FDCPA and stating a "plaintiff can sue for damages if the risk materializes or causes a separate injury-in-fact, such as emotional distress"). In her FAC, Reed alleges that Defendants failure to "provide Plaintiff with a coherent and intelligible picture of her credit file," has caused "confusion, frustration and distress, and interfered with the ability to protect her credit reputation." FAC ¶¶ 26, 32. Taking Reed's allegations as true, Reed has sufficiently pled an injury in fact.

### *B. Reed Has Sufficiently Pled that Defendants Failed Clearly and Accurately to Disclose All Information in the File*

To sufficiently allege a section 1681g claim, Reed must allege that Defendants, which qualify as credit reporting agencies, failed clearly and accurately to disclose all information in her file when requested. Reed does just that. *See* FAC ¶¶ 13–21 (alleging that Trans Union and Equifax omitted account information and payment history for six and seven accounts, respectively). Defendants argue that this information did not need to be disclosed because it did not bear on her creditworthiness and thus did not need to be included in her file. The Court finds this argument does not entitle Defendants to dismissal of Reed's claims.

***1. The Alleged Omitted Information Falls Within Reed's "File" –*** Defendants claim that Reed cannot make a plausible claim because the omitted information did not bear on her creditworthiness. Defs.' Mot. Dismiss 6–9 [25]. In other words, they argue that a disclosure does not have to include all information in a consumer's file but rather only the information found in the credit report. *See id.* at 7. Defendants thus attempt to limit one's "file" to "information that would qualify as a consumer report under section 1681a(d)(1), which includes only information bearing upon a consumer's creditworthiness." *Cook v. Equifax Inf. Servs., LLC*, 2026 WL 2358907, at *6 (S.D. Tex. 2026) (internal quotations omitted). This interpretation is unpersuasive.

The Fair Credit Report Act defines "consumer report" and "file" separately. Consumer report is defined as "any information by a consumer reporting agency bearing on a consumer's credit worthiness," 15 U.S.C. § 1681a(d)(1), while file is defined as "all

of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). Defendants try to redefine these terms by pointing to decisions from other circuits. Defs.' Mot. Dismiss 3, 7, 9–10. However, Defendants fail to cite any controlling authority from the Fifth Circuit or Supreme Court to support its contention that the definition of "consumer report" controls. Without any specific direction, the Court will follow similar section 1681g cases of missing account information and payment history in which defendants made a similar argument and the courts rejected it. *See Banks v. Equifax Info. Servs. LLC*, 2026 WL 628973, at *6 (E.D. Tex. 2026); *Stafford v. Trans Union, LLC*, 2025 WL 4648412, at *3 (E.D. Tex. 2025); *Cadet v. Equifax Info. Servs., LLC*, 2026 WL 2454304, at *6–7 (E.D. Tex. 2026); *Cook v. Equifax Info. Servs., LLC*, 2026 WL 2358907, at *6–7 (S.D. Tex. 2026).

***2. The Alleged Missing Information Bore on Reed's Creditworthiness*** – Relying on two cases from other jurisdictions, Defendants additionally contend that allegations regarding the "completeness of data" in a consumer file do not bear on credit worthiness nor make a disclosure inaccurate. Defs.' Mot. Dismiss 6–7 (citing Harris v. TransUnion, LLC, 2025 WL 2270156, at *7 (N.D. Ga. 2025), report and recommendation adopted, 2025 WL 2270149 (N.D. Ga. 2025); Felts v. Wells Fargo Bank, N.A., 893 F.3d 1305, 1319 (11th Cir. 2018). However, neither of these cases help Defendants.

In *Harris*, when "addressing the insufficiency of the plaintiff's claim under the relevant section — that his full payment history was missing from the defendant's

disclosures to him in violation of § 1681g(a)(1) — the magistrate judge merely noted that the plaintiff did not ever allege that he requested his full consumer file or that the full payment history was actually included in his file but not disclosed to him." *Banks*, 2026 WL 628973, at *7 (citing *Harris*, 2025 WL 2270156 at *8). After affording the plaintiff an opportunity to amend his complaint, however, the court explained that the plaintiff had plausibly alleged a violation of section 1681. *See Harris,* 2025 WL 2270156 at *7 (holding that the plaintiff sufficiently pled a claim by identifying specific information disclosed to defendant that was missing from the provided consumer files). Because Reed has plausibly alleged that she requested her full consumer file and Defendants omitted required information, Defendants' reliance on *Harris* is misplaced.

*Felts* does not help Defendants either. That case addressed a furnisher's obligations under section 1681s-2(b), specifically whether the furnisher reasonably investigated disputed information and whether the information it did furnish was inaccurate. *Felts*, 893 F.3d at 1311–13. It does not interpret section 1681g and does not establish the scope of a CRA's disclosure obligations.

At the pleadings stage, it is reasonable to infer that missing account information and payment history could plausibly bear on a consumer's creditworthiness. *Stafford*, 2025 WL 4648412, at *4 (noting that even under a narrow interpretation of section 1681g that "the omission of payment history on tradelines would bear on creditworthiness"); *Frazier v. Equifax Info. Servs. LLC,* 2023 WL 4134907, at *3 (N.D. Ill. 2023) ("When evaluating the credit worthiness of Plaintiff, it would be important to know that she had a delinquent payment history which caused a previous lender to lose money on a mortgage loan."). Like

the plaintiff in *Harris*, Reed has alleged specific information missing from her accounts and that Equifax and Trans Union maintained this information because furnishers regularly reported this data to them. FAC ¶¶ 19–21. Only after the benefit of discovery can the Court say whether such information was in fact in the consumer file for Reed and whether Defendants improperly failed to disclose it to Reed.

Defendants' remaining arguments ask the Court to reject Reed's allegations that this information could have been reported to third parties. However, it is premature to resolve these factual disputes under Rule 12(b)(6). At this stage, the Court must accept Reed's allegations as true.

### *C. Reed Has Sufficiently Alleged That Defendants Acted Willfully*

Under section 1981n, a consumer may recover actual, statutory, and punitive damages for a CRA's willful noncompliance with an FCRA requirement. This includes both knowing and reckless disregard of a statutory duty. *Safeco*, 511 U.S. at 57–60. "Generally, courts have allowed a willful noncompliance claim to proceed where a defendant's conduct involves willful misrepresentations or concealments. . . . In those cases, a consumer reporting agency has typically misrepresented or concealed some or all of a credit report from a consumer." *Cousin v. Trans Union Corp.*, 246 F.3d 359, 372 (5th Cir. 2001) (citations omitted); *see also Stafford*, 2025 WL 4648412, at *3 (concluding the plaintiff sufficiently stated a claim for a willful violation of the FCRA, where he alleged the omission of account information was the result of automated templates used by Equifax for annualcreditreport.com requests, which Equifax had known about for years and which had harmed other customers as well).

Here, Reed alleges that Trans Union and Equifax's pattern of identical categories of omissions across numerous unrelated accounts demonstrates that Defendants use standardized automatic processors or templates that systematically withhold required account data. FAC ¶ 31 [22]. Accepting the allegations as true and drawing all reasonable inferences in Reed's favor, the Court concludes Reed has plausibly alleged willful violations of FCRA sufficient to survive dismissal.

## CONCLUSION

Because Reed has sufficiently pled that Defendants willfully failed to disclose information in violation of section 1681g and she suffered a concrete injury as a result, the Court denies Defendants' motion to dismiss.

Signed September 23, 2026.

David C. Godbey
Senior United States District Judge